JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
REBA SMITH,

**(b)** County of Residence of First Listed Plaintiff: Suffolk, New York
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cellino & Barnes, P.C.
420 Lexington Avenue, Suite 2140
New York, NY 10170

## DEFENDANTS
BANQUE de MONTREAL, ISHAN A. AL-JOUNDI et al.,

County of Residence of First Listed Defendant: Country of Canada
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code Statute 1332(a)(1)(c)(1)(c)

Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 8/25/17
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

REBA SMITH,

        Plaintiff,

v.

BANQUE de MONTREAL, ISHAN A. AL-JOUNDI and ABC COMPANIES 1-10, names being fictitious.

        Defendants.

Docket No.:

**COMPLAINT AND JURY DEMAND**

Plaintiff, by their attorneys CELLINO & BARNES, P.C., alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, REBA SMITH, presently, and has been at all times herein mentioned, a resident and citizen of the State of New York and at all times material herein, is competent to bring suit in her individual capacity.

2. At all times herein relevant, defendant, BANQUE de MONTREAL was a foreign corporation based in the State of Quebec, Country of Canada.

3. At all times herein relevant, defendant, BANQUE de MONTREAL is a foreign corporation based in the State of Quebec, Country of Canada.

4. That at all times herein relevant, defendant, BANQUE de MONTREAL committed a tortious act within the State of New Jersey.

5. That at all time herein relevant, defendant, BANQUE de MONTREAL committed a tortious act without the State of New Jersey causing injury to person or property within the State of New Jersey.

6. That by virtue of the allegations above, defendant, BANQUE de MONTREAL is subject to the laws of the State of New Jersey pursuant to Rule 4:3.

7. At all times herein relevant, defendant, ISHAN A. AL-JOUNDI is an adult individual and a resident of the Country of Canada, State of Montreal.

8. ABC COMPANIES 1-10 said names being fictitious are named as defendants in order to preserve the statue of limitations against unknown companies.

9. Damages alleged by the plaintiffs exceed the sum or value of $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332(a) and Fed. Rules of Civil Procedure 8(a) (1).

10. The parties have diversity of jurisdiction and the amount in controversy exceeding the jurisdictional limits confers this Court with jurisdiction over the subject matter of this Complaint and over the parties hereto under 28 U.S.C. Section 1332 and Fed. Rules of Civil Procedure 8(a) (1).

11. Venue is proper and appropriate in United States District Court District of New Jersey because the motor vehicle accident, which is the subject matter of this Complaint, occurred in U.S. District of New Jersey.

## FACTUAL BACKGROUND

12. On September 14, 2016 defendant, BANQUE de MONTREAL was the owner and/or lessee of a certain 2017 ISU NU4 bearing Quebec, Canada license plate No.: L689129.

13. On September 14, 2016 defendant, ISHAN A. AL-JOUNDI was the operator of a certain 2017 ISU NU4 bearing Quebec, Canada license plate No.: L689129 owned and/or leased by BANQUE de MONTREAL.

14. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, operated the vehicle described in Paragraph 12 to 13 above with the full knowledge of the owner, defendant, BANQUE de MONTREAL.

15. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, operated the vehicle described in Paragraph 12 to 13 above with the full knowledge of the owner, defendant, BANQUE de MONTREAL.

16. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, operated the vehicle described in Paragraphs 12 to 13 above with the full permission of the owner, defendant, BANQUE de MONTREAL.

17. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, operated the vehicle described in Paragraphs 12 to 13 above with the full permission of the owner, defendant, BANQUE de MONTREAL.

18. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, was acting within the course and scope of his employment for defendant, BANQUE de MONTREAL.

19. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, was an agent of defendant, BANQUE de MONTREAL.

20. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, was a servant of defendant, BANQUE de MONTREAL.

21. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, was an employee of defendant, BANQUE de MONTREAL.

22. On September 14, 2016, plaintiff, REBA SMITH, was the owner/driver of a certain 2005 Mercedes bearing New York license plate No.: FXD4364.

23. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, operated the vehicle described in Paragraphs 12 to 13 herein above in a southbound direction of the New Jersey Turnpike in the State of, New Jersey.

24. On September 14, 2016, plaintiff, REBA SMITH was driving in a southbound direction of the New Jersey Turnpike in the State of, New Jersey.

25. On September 14, 2016, the vehicle operated by defendant ISHAN A. AL-JOUNDI as described in Paragraphs 12 to 13 herein above, came into contact with plaintiff's vehicle. As a result of the aforementioned occurrence plaintiff sustained injuries.

### AS AND FOR A FIRST CAUSE OF ACTION

26. On September 14, 2016, the vehicle operated by defendant, ISHAN A. AL-JOUNDI, as described in Paragraphs 12 to 13 herein above, came into contact with plaintiff's vehicle on the New Jersey Turnpike traveling in a southbound direction. As a result of the aforementioned occurrence, plaintiff, REBA SMITH sustained injuries.

4

27. The aforementioned occurred as a result of the negligence and/or recklessness of defendants without any negligence attributable in any measure to plaintiff, REBA SMITH.

28. Plaintiff, REBA SMITH, has sustained compensable injuries as defined by the New Jersey State Insurance Law.

29. By the aforesaid acts and omissions of defendants herein, plaintiff, REBA SMITH, has been directly and legally caused to suffer pain and suffering and actual damages including, but not limited to, loss of earnings and future earning capacity, medical expenses, attorney's fees costs of suit and other pecuniary loss not presently ascertainable for which the plaintiff will seek leave of the Court to amend once ascertained.

30. By the aforesaid acts and omissions of defendants, plaintiff REBA SMITH, has been directly and legally caused to suffer physical injuries, including, but not limited to, injuries to his neck, back and shoulders, all of which individually, or in combination, satisfy the requirements of compensable injuries as defined by the New Jersey State Insurance Law.

31. As a further direct and legal result of the acts and conducts of the defendants, as aforesaid, plaintiff, REBA SMITH, was caused to and did suffer from severe physical, emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. The exact extent and nature of said injuries is presently unknown to plaintiff, REBA SMITH, who will seek leave of this court to assert the same when they are ascertained. Plaintiff, REBA SMITH, does not know at

this time the exact duration or permanence of said injuries but plaintiff is informed and believes, and therefore alleges, that some, if not all, of his injuries are reasonably certain to be permanent.

**WHEREFORE**, plaintiff REBA SMITH demand judgment jointly and severally and/or individually and/or vicariously, against the defendants BANQUE de MONTREAL, ISHAN A. AL-JOUNDI and ABC COMPANIES 1-10, on all counts for damages, costs, interest, counsel fees and all other relief this Court deems just and proper.

DATED: New York, New York
August 25, 2017

CELLINO & BARNES, P.C.

BY: JOHN H. SHIELDS, Esq.(JS 7313)
Attorneys for Plaintiffs
420 Lexington Avenue, Suite 2140
New York, New York 10170
john.shields@cellinoandbarnes.com

## JURY DEMAND

Plaintiffs do hereby demand a trial by a jury on all issues so triable.

CELLINO & BARNES, P.C.

BY: JOHN H. SHIELDS, Esq.(JS 7313)
Attorneys for Plaintiffs
420 Lexington Avenue, Suite 2140
New York, New York 10170
john.shields@cellinoandbarnes.com

Dated: New York, New York
August 25, 2017

6