UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

REBA SMITH,

        Plaintiff,

v.

PRODUITS ANDALOS, INC., ISHAN A. AL-JOUNDI and ABC COMPANIES 1-10, names being fictitious.

        Defendants.

Docket No.: 1:17-cv-06433

Hon. Renee Marie Bumb, U.S.D.J.
Hon. Ann Marie Donio, U.S.M.J.

**AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff, by their attorneys CELLINO & BARNES, P.C., alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, REBA SMITH, presently, and has been at all times herein mentioned, a resident and citizen of the State of New York and at all times material herein, is competent to bring suit in her individual capacity.

2. At all times herein relevant, defendant, PRODUITS ANDALOS, INC. was a foreign corporation based in the State of Quebec, Country of Canada.

3. At all times herein relevant, defendant, PRODUITS ANDALOS, INC. is a foreign corporation based in the State of Quebec, Country of Canada.

4. That at all times herein relevant, defendant, PRODUITS ANDALOS, INC. committed a tortious act within the State of New Jersey.

5. That at all time herein relevant, defendant, PRODUITS ANDALOS, INC. committed a tortious act without the State of New Jersey causing injury to person or property within the State of New Jersey.

6. That by virtue of the allegations above, defendant, PRODUITS ANDALOS, INC. is subject to the laws of the State of New Jersey pursuant to Rule 4:3.

7. At all times herein relevant, defendant, ISHAN A. AL-JOUNDI is an adult individual and a resident of the Country of Canada, State of Montreal.

8. ABC COMPANIES 1-10 said names being fictitious are named as defendants in order to preserve the statue of limitations against unknown companies.

9. Damages alleged by the plaintiffs exceed the sum or value of $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332(a) and Fed. Rules of Civil Procedure 8(a) (1).

10. The parties have diversity of jurisdiction and the amount in controversy exceeding the jurisdictional limits confers this Court with jurisdiction over the subject matter of this Complaint and over the parties hereto under 28 U.S.C. Section 1332 and Fed. Rules of Civil Procedure 8(a) (1).

11. Venue is proper and appropriate in United States District Court District of New Jersey because the motor vehicle accident, which is the subject matter of this Complaint, occurred in U.S. District of New Jersey.

## FACTUAL BACKGROUND

12. On September 14, 2016 defendant, PRODUITS ANDALOS, INC. was the owner and/or lessee of a certain 2017 ISU NU4 bearing Quebec, Canada license plate No.: L689129.

13. On September 14, 2016 defendant, ISHAN A. AL-JOUNDI was the operator of a certain 2017 ISU NU4 bearing Quebec, Canada license plate No.: L689129 owned and/or leased by PRODUITS ANDALOS, INC.

14. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, operated the vehicle described in Paragraph 12 to 13 above with the full knowledge of the owner, defendant, PRODUITS ANDALOS, INC.

15. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, operated the vehicle described in Paragraph 12 to 13 above with the full knowledge of the owner, defendant, PRODUITS ANDALOS, INC.

16. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, operated the vehicle described in Paragraphs 12 to 13 above with the full permission of the owner, defendant, PRODUITS ANDALOS, INC.

17. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, operated the vehicle described in Paragraphs 12 to 13 above with the full permission of the owner, defendant, PRODUITS ANDALOS, INC.

18. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, was acting within the course and scope of his employment for defendant, PRODUITS ANDALOS, INC.

19. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, was an agent of defendant, PRODUITS ANDALOS, INC.

20. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, was a servant of defendant, PRODUITS ANDALOS, INC.

21. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, was an employee of defendant, PRODUITS ANDALOS, INC.

22. On September 14, 2016, plaintiff, REBA SMITH, was the owner/driver of a certain 2005 Mercedes bearing New York license plate No.: FXD4364.

23. On September 14, 2016, defendant, ISHAN A. AL-JOUNDI, operated the vehicle described in Paragraphs 12 to 13 herein above in a southbound direction of the New Jersey Turnpike in the State of, New Jersey.

24. On September 14, 2016, plaintiff, REBA SMITH was driving in a southbound direction of the New Jersey Turnpike in the State of, New Jersey.

25. On September 14, 2016, the vehicle operated by defendant ISHAN A. AL-JOUNDI as described in Paragraphs 12 to 13 herein above, came into contact with plaintiff's vehicle. As a result of the aforementioned occurrence plaintiff sustained injuries.

### AS AND FOR A FIRST CAUSE OF ACTION

26. On September 14, 2016, the vehicle operated by defendant, ISHAN A. AL-JOUNDI, as described in Paragraphs 12 to 13 herein above, came into contact with plaintiff's vehicle on the New Jersey Turnpike traveling in a southbound direction. As a result of the aforementioned occurrence, plaintiff, REBA SMITH sustained injuries.

4

27. The aforementioned occurred as a result of the negligence and/or recklessness of defendants without any negligence attributable in any measure to plaintiff, REBA SMITH.

28. Plaintiff, REBA SMITH, has sustained compensable injuries as defined by the New Jersey State Insurance Law.

29. By the aforesaid acts and omissions of defendants herein, plaintiff, REBA SMITH, has been directly and legally caused to suffer pain and suffering and actual damages including, but not limited to, loss of earnings and future earning capacity, medical expenses, attorney's fees costs of suit and other pecuniary loss not presently ascertainable for which the plaintiff will seek leave of the Court to amend once ascertained.

30. By the aforesaid acts and omissions of defendants, plaintiff REBA SMITH, has been directly and legally caused to suffer physical injuries, including, but not limited to, injuries to his neck, back and shoulders, all of which individually, or in combination, satisfy the requirements of compensable injuries as defined by the New Jersey State Insurance Law.

31. As a further direct and legal result of the acts and conducts of the defendants, as aforesaid, plaintiff, REBA SMITH, was caused to and did suffer from severe physical, emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. The exact extent and nature of said injuries is presently unknown to plaintiff, REBA SMITH, who will seek leave of this court to assert the same when they are ascertained. Plaintiff, REBA SMITH, does not know at

this time the exact duration or permanence of said injuries but plaintiff is informed and believes, and therefore alleges, that some, if not all, of his injuries are reasonably certain to be permanent.

**WHEREFORE**, plaintiff REBA SMITH demand judgment jointly and severally and/or individually and/or vicariously, against the defendants PRODUITS ANDALOS, INC., ISHAN A. AL-JOUNDI and ABC COMPANIES 1-10, on all counts for damages, costs, interest, counsel fees and all other relief this Court deems just and proper.

DATED:   New York, New York
         January 4, 2018

CELLINO & BARNES, P.C.

_____
BY: JOHN H. SHIELDS, Esq.(JS 7313)
Attorneys for Plaintiffs
420 Lexington Avenue, Suite 2140
New York, New York 10170
john.shields@cellinoandbarnes.com

## JURY DEMAND

Plaintiffs do hereby demand a trial by a jury on all issues so triable.

CELLINO & BARNES, P.C.

_____
BY: JOHN H. SHIELDS, Esq.(JS 7313)
Attorneys for Plaintiffs
420 Lexington Avenue, Suite 2140
New York, New York 10170
john.shields@cellinoandbarnes.com

Dated: New York, New York
       January 4, 2018